UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-1367 (DWF/AJB)

ORIGINAL

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>PLAINTIFF,<br><br>V.<br><br>$94,437.00 IN U.S. CURRENCY,<br><br>DEFENDANT. | DEFAULT JUDGMENT AND FINAL ORDER OF FORFEITURE |

Based on the plaintiff's motion for an order striking the verified statements and answers of Kong Lee, Vong Lee, Sia Lee, Tiffany Lee, for default judgment against Kong Lee, Vong Lee, Sia Lee, Tiffany Lee, and all unknown persons and entities having an interest in the defendant currency, and for forfeiture of the defendant currency to the plaintiff; on all the files and records in this action; and on the Court's finding as follows that:

1. pursuant to a Warrant of Arrest and Notice In Rem issued by the Clerk of Court, the United States Marshal for the District of Minnesota arrested the defendant currency;

2. notice of the arrest of the defendant currency and the means and deadline by which to contest the forfeiture of the defendant currency was published in the Finance and Commerce, Minneapolis, Minnesota, on August 8, 15 and 22, 2001;

3. the United States Marshal served Kong Lee, Vong Lee, Sia Lee, and Tiffany Lee, through their attorney, with copies of the



FILED MAR 15 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD MAR 15 2002
DEPUTY CLERK

Complaint for Forfeiture, Summons, and Warrant of Arrest and Notice In Rem;

4. Kong Lee, Vong Lee, Sia Lee and Tiffany Lee filed verified statements of interest in or right against the defendant currency and answers to the Complaint for Forfeiture;

5. no other verified statements of interest in or right against the defendant currency and answers to the Complaint for Forfeiture have been filed, and the time for filing a verified statement and answer has expired;

6. the claimants have failed to respond at all to the government's Interrogatories and Requests for Production of Documents and to provide Rule 26(a)(1) disclosures despite repeated requests from the government;

7. the plaintiff made application to the Clerk of Court for entry of default against Kong Lee, Vong Lee, Sia Lee, Tiffany Lee and all unknown persons and entities having and interest in the defendant currency; and

8. the plaintiff's Complaint for Forfeiture with supporting affidavit alleging that the defendant currency is forfeitable pursuant to 21 U.S.C. § 881(a)(6) stands unrebutted;

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. the verified statements of interest in the defendant currency and answers to the Complaint for Forfeiture filed by Kong Lee, Vong Lee, Sia Lee and Tiffany Lee are stricken;

2. default judgment is entered against Kong Lee, Vong Lee, Sia Lee, Tiffany Lee, and all unknown persons and entities having an interest in the defendant currency; and

3. all the right, title and interest of the defaulted persons and entities in the defendant currency is forfeited to the plaintiff, and no right, title or interest in the defendant currency shall exist in any other person or entity; and

4. the defendant currency shall be disposed of by the plaintiff in accordance with law; and

5. the government is awarded $500.00 in attorney and paralegal fees incurred in bringing this motion; and

6. the claimants and/or their attorney shall pay $500.00 to the United States within 10 days from the date of this order.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 15, 2002

DONOVAN W. FRANK, Judge
United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995